UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RONNIE LEWIS,<br><br>        Petitioner,<br><br>        v.<br><br>UNKNOWN,<br><br>        Respondent. | No. 2:24-cv-00805-JVS-JDE<br><br>ORDER TO SHOW CAUSE<br>WHY THE PETITION SHOULD<br>NOT BE DISMISSED |

## I.

## INTRODUCTION

On February 1, 2024, the Court received from Ronnie Lewis ("Petitioner"), a California state prisoner at the California Correctional Institution in Tehachapi, California, proceeding pro se and without paying the required filing fee or seeking leave to proceed in forma pauperis, a Petition for Writ of Habeas Corpus, on a state court form, seeking to challenge his 2017 convictions for pimping and human trafficking of a minor for a commercial sex act, resulting in a sentence of two consecutive terms of life with the possibility of parole, in the Los Angeles County Superior Court. Dkt. 1 ("Petition" or "Pet.") at 2 (CM/ECF pagination).

This Court's records reveal Petitioner previously challenged the same 2017 convictions and sentence in this Court by filing a Petition for Writ of Habeas Corpus by Person in State Custody in <u>Lewis v. Montgomery</u>, Case No. 2:19-cv-09734-JVS-JDE (C.D. Cal.) ("Prior Action").[1] On October 8, 2020, the Court entered an order accepting a Report and Recommendation ("Report") by the assigned United States Magistrate Judge and denied the prior Petition. Prior Action, Dkt. 34. The same day, the Court declined to issue a Certificate of Appealability ("COA") and entered a judgment of dismissal. <u>See</u> <u>id.</u>, Dkt. 35-36. On October 30, 2020, Petitioner filed a Motion to Reconsider the Order Denying a COA, which the Court denied on November 4, 2020. <u>Id.</u>, Dkt. 39-40. By Order dated November 17, 2021, the Court of Appeals for the Ninth Circuit ("Ninth Circuit") accepted for consideration Petitioner's Request for a COA. <u>Id.</u>, Dkt. 43. On February 17, 2023, the Ninth Circuit denied Petitioner's Request for a COA. <u>Id.</u>, Dkt. 46.

District courts are required to "promptly examine" all federal habeas petitions brought under 28 U.S.C. § 2254 and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition[.]" Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); <u>Mayle v. Felix</u>, 545 U.S. 644, 656 (2005). Based on a review of the Petition and the docket of the Prior Action, the Petition appears subject to summary dismissal on several grounds, as set forth below.

/ / /
/ / /

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Petitioner's prior proceedings in federal court. <u>See</u> <u>United States v. Raygoza-Garcia</u>, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [the Public Access to Court Electronic Records].").

## II.
## PETITIONER'S CLAIMS

Petitioner appears to assert five grounds for relief: (1) "coaching the wit[]ness[;] mistrial"; (2) "racial discrimination"; (3) "ineffective assistance"; (4) instructional error based on CALJIC No. 1.00; and (5) instructional error based on CALJIC No. 7.16, which is apparently premised, at least in part, on an inapplicable California senate bill. See Pet. at 3-5, 32-33, 35-38. It is unclear whether Petitioner also seeks to reassert claims previously raised in the Prior Action, as he includes portions of his Objections to the Report as well as arguments regarding those prior claims. See, e.g., id. at 10-19, 23-28.

## III.
## DISCUSSION

**A.    The Petition Appears to Be Second and Successive**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") applies to the instant action because Petitioner filed it after the AEDPA's effective date of April 24, 1996. See Woodford v. Garceau, 538 U.S. 202, 204, 207 (2003). The AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). Title 28, United States Code, Section 2244(b) provides, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A petitioner's failure to obtain authorization from the appropriate appellate court before filing a second or successive habeas petition deprives the district court of jurisdiction to consider the petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (per curiam); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

Here, as explained above, the instant Petition challenges the same 2017 conviction and sentence that Petitioner challenged in the Prior Action. Consequently, because the Court adjudicated and dismissed the Prior Action on the merits, the instant Petition appears to constitute a second and/or successive petition. As such, Petitioner must obtain permission from the Ninth Circuit before this Court can adjudicate the issues raised in the Petition. 28 U.S.C. § 2244(b)(3)(A). As Petitioner has not presented, and the Court did not locate in a record search, any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," it

4

appears the Court lacks jurisdiction over the Petition, rendering the instant Petition subject to dismissal.

**B.     Other Defects**

The Petition also suffers from several other defects.

First, Petitioner has not named a respondent. Failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended); Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended). Typically, the proper respondent for a habeas petition is the warden of the facility in which the petitioner is incarcerated. See Stanley, 21 F.3d at 360; see also Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Thus, Petitioner must name the warden where he is currently incarcerated.

Second, the Petition was not submitted on a form approved by this district. Rule 2(d) of the Habeas Rules authorizes district courts to require habeas petitions be filed in a form prescribed by the Local Rules. This Court has such a Local Rule. See C.D. Local Civil Rule 83-16.1 ("A petition for writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the Court."). The Petition is subject to dismissal for failure to use a Court-approved form.

Third, Petitioner did not pay the $5 filing fee for a federal habeas petition and did not file an application to proceed without prepayment of the filing fee as required by 28 U.S.C. § 1915.

Fourth, under 28 U.S.C. § 2254(b)(1), federal habeas relief may not be granted unless Petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James v. Borg, 24

F.3d 20, 24 (9th Cir. 1994); <u>Carothers v. Rhay</u>, 594 F.2d 225, 228 (9th Cir. 1979); <u>see also</u> <u>Libberton v. Ryan</u>, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995) (per curiam); <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971); <u>Greenway v. Schriro</u>, 653 F.3d 790, 801 (9th Cir. 2011). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. <u>See, e.g.</u>, <u>Williams v. Craven</u>, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Here, Petitioner has not alleged any efforts to exhaust his claims in state court. As Petitioner did not use an approved form that would have required him to provide information about exhaustion, the Court does not make a determination as to whether his claims are exhausted, but notifies Petitioner of this requirement.

**C.    Petitioner May Have Intended for the Petition to Be Determined by a State Court, not this Court**

Finally, the Court notes that the caption page of the Petition does not list the United States District Court for the Central District of California as the Court in which Petitioner intended to file this case. Instead, the caption lists the following address: "320 W Temple St LA, LA 90013," which does not correspond with the United States District Court. Pet. at 1. In addition, a "Request for Appointment of Counsel and Declaration of Indigency" submitted with the Petition is addressed to "The Superior Court Of The State Of California County Of Los Angeles," while a letter submitted with the Petition is addressed "to the Supreme Court Judge." <u>Id.</u> at 20, 39.

The foregoing references, as well as the fact that the Petition is submitted on a state court form, all appear to indicate that it may be Petitioner's intention to submit the Petition for consideration to a state court, not this Court. As such, the Court directs Petitioner to advise the Court whether he intended the Petition to be considered by this Court in the first instance, rather than by a state court.

## IV.
## ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE by filing a written response by **no later than thirty (30) days from the date of this Order** explaining why this action should not be dismissed under Habeas Rule 4 or transferred to the Ninth Circuit for the reasons stated above. If Petitioner contends the Petition is not a second and/or successive petition, Petitioner should clearly explain this and attach any supporting documents showing that his claims are not second and/or successive to his Prior Action. If Petitioner contends he has exhausted his state court remedies regarding the claims raised in the Petition, Petitioner is directed to provide information regarding his efforts to exhaust his claims in the state courts, and attach copies of any documents establishing that his claims are indeed exhausted. Lastly, if Petitioner did intend the Petition to be considered by this Court, he should affirmatively so state.

<u>Alternatively</u>, Petitioner may voluntarily dismiss this action by signing and returning the attached Notice of Dismissal under Federal Rule of Civil Procedure 41(a). <u>The Clerk is directed to provide a Form Notice of Dismissal with this Order.</u>

Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in this action being dismissed for the foregoing

reasons, for failure to prosecute, and for failure to comply with a Court order. <u>See</u> Fed. R. Civ. P. 41(b).

Dated: February 15, 2024

_____
JOHN D. EARLY
United States Magistrate Judge